THE LYCOMING FIRE INSURANCE CO., a corporation of the State
of Pennsylvania, for the use of John A. Beeber, its receiver,
*vs.* GEORGE W. BUSH.

New Castle County, November Term, 1893.

**Pleading. Amendment.**—Leave to amend will not be granted after a case is called
for trial, where the amendment is a plea in abatement.

This was an action on the deposit notes given by the defendant
to the plaintiff company to recover the sum of one hundred and
ninety-eight dollars and ninety cents, and three assessments there-
on, being the share of the defendant of losses incurred by the com-
pany, which was a mutual fire insurance company.

The case first appeared on the trial list, as a cause at issue, at
the May term, 1890, and as such was continued from time to time
until the November term, 1893.

When the case was called for trial the defendant's counsel
moved for leave to withdraw all pleas filed and in lieu thereof to
file the following plea in abatement:

" The defendant by Benjamin Nields and Walter H. Hayes,
his attorneys, prays judgment of the said writ and declaration and
that the same may be quashed, because the suit was commenced
and the writ issued on the 9th day of June, 1886, at which time
more than three years had elapsed after the charter of The Lycom-
ing Fire Insurance Company had been dissolved and annulled by
the order and decree of the Court of Common Pleas of Lycoming
County, in the Commonwealth of Pennsylvania, as fully appears
by the records of said Court."

The case was heard before LORE, C. J., and MARVEL, J.,
CULLEN, J., being disqualified by reason of his having been of
counsel.

*Nields* (with whom was *Hayes*), for the defendant, contended
that the plea was a plea to the merits, and could be properly
pleaded at this stage of the case; Constitution Del., Art 6, § 16 ;

Rev. Code, ch. 112, §§ 11, 13 ; Gould, Pl. §§ 31-4, 37, 38 ; Chitty, Pl. 446, 448 ; 1 Com. Dig. tit. *Abatement,* 38, 54, 60 ; 5 Vt. 91 ; 19 Johns. 308 : 6 Mass. 369.

*Fulton,* for the plaintiff, contended that it was not a meritorious plea within the intendment of the · Constitution, being a plea in abatement, and the application was too late; that our statute giving three years to dissolved corporations does not apply to foreign corporations ; 62 Md. 196 ; *Burton vs. Waples,* 3 Harring. 75.

PER CURIAM.   The plea in form and substance is a plea in abatement, one form of dilatory pleas.

The Constitution provides that " the Superior Court shall have power before judgment of directing upon such terms as they shall deem reasonable amendments, in pleadings and legal proceedings, so that by error in any of them the determination of causes, according to their *real merits, shall not be hindered."*

The question therefore is whether by permitting this amendment this cause would be determined on its *real merits,* and without *delay or hindrance.*

We think the amendment would not tend to promote a trial on the *real merit,* and might *hinder* or delay the same.   The plea does not touch the contract, but only the right to enforce the same, it might also hinder the determination of the case, for if the amendment should be admitted and the plea not sustained the judgment would be " *respondeat ouster,"* the effect of which would be to delay the trial of the cause until it was put at issue on other pleas, and thus the trial of the cause, in the language of the Constitution, would be *hindered.*   This is one of the evils the constitutional provision was designed to remove, the purpose being to promote speedy trial on the real merits.

This doctrine is distinctly established in *Burton vs. Waples,* 3 Harring. 75, which does not differ in principle from the case at bar, where the Court uses this language :

" There is no reason why these parties, having placed their

cause at issue on all the points of defence which the defendant pleased to set up, should now, at the moment of trial, be permitted to amend for any purpose which will not subserve the real merits of the cause."

*Motion refused.*